## Caputo v. WYTV Television Station

*Joseph P. Valentino*, for plaintiffs.
*John M. McLaughlin*, for defendant.

STRANAHAN, *P.J.*, November 30, 1983—Plaintiffs, William L. Caputo and Philip J. Tizio, filed separate actions in trespass against defendant, WYTV Television Station, alleging defamation and outrageous conduct causing emotional distress. These actions arise from a newscast broadcast by defendant in which one of defendant's reporters, Andrea Wood, stated that plaintiffs were involved with organized crime in the City of Farrell. Specifically, Andrea Wood reported that a police informant had stated that plaintiff William Caputo, then a Farrell police officer, had accepted a pay-off from him in Helen's Grille, owned by plaintiff Tizio.

During the course of pre-trial discovery, counsel for WYTV served on William L. Caputo, a subpoena duces tecum issued by this court on September 21, 1983. The subpoena duces tecum directed plaintiff to produce the file he had in his private possession concerning an investigation conducted by plaintiff and Chief Daniel Gross of the Sharon Police Department. The investigation had been conducted by plaintiff and Gross at the request of the Mercer County Narcotics Squad in 1974 or 1975. Included in the file was written and electronically recorded information concerning the investigation of one of Andrea Wood's sources. Plaintiff alleged that the source was unreliable because he had been investigated by Caputo.

Also served with a subpoena duces tecum was Charles Becker, a special agent of the Bureau of Criminal Investigation, Office of the Attorney General. The information sought includes written and electronically recorded information from or pertaining to a number of persons, including plaintiffs Caputo and Tizio.

Both plaintiff Caputo and the Commonwealth have filed motions to quash the subpoenas duces tecum. Plaintiff alleges that the subpoenaed file is privileged as a product of his employment as a Farrell police officer. Plaintiff also contends that the information sought could lead to evidence subject to the proscriptions of 18 Pa. C.S. §5701-5704 (now repealed by the Act of October 4, 1978, P.L. 831) or the Act of October 4, 1978, P.L. 831, 18 Pa. C.S. §5701 et seq. known as the Wiretapping and Electronic Surveillence Control Act, which could lead to possible civil or criminal liability.

The Commonwealth claims that the subpoena should be quashed because the information is subject to a public interest privilege and because there

is statutory authority supporting the conclusion that the information is privileged.

Due to the complexity of the issues involved, we will first discuss those issues raised by plaintiff Caputo's motion to quash the subpoena, and then discuss those raised by the Commonwealth.

## I. WILLIAM L. CAPUTO'S MOTION TO QUASH THE SUBPOENA DUCES TECUM

After Chief Gross and plaintiff had terminated their investigation of Andrea Wood's source, Gary Lenzi of the Mercer County Narcotics Unit, Chief Gross kept the investigation file in his personal possession. After Gross' death, his widow gave the file to plaintiff who kept the file in his personal possession. Neither Gross nor plaintiff kept the file with other police records, or on the police department premises, but rather, in his own private possession.

Plaintiff now claims that the file is privileged information. As support for this contention, the plaintiff relies heavily upon Vogel v. Gruaz, 110 U.S. 311, 4 S. Ct. 12, 28 L. Ed. 158 (1984). As often happens with cases of such vintage, the absolute privilege rule laid down in that case has been substantially circumscribed.

There is no longer an absolute public interest privilege. The courts have instead adopted a case-by-case approach where the public interest in the effective administration of justice is balanced with the private need for the information. Roviaro v. United States, 353 U. S. 53, 77 S.Ct. 623, L. Ed. 2d (1957). Frankenhauser v. Rizzo, 59 F.R.D. 339 (1973).

It should be noted first that this public interest privilege is primarily the privilege to withhold the identity of informers. The often-used term "informer's privilege" is really a misnomer. The privilege is

in·reality the government's privilege not to divulge the information. Raviaro, supra.

Roviaro, supra, virtually abandons the approach taken in Vogel, supra, and replaces it with a balancing test. The Supreme Court in Roviaro stated that the scope of the privilege is limited by its underlying purpose; that is, to encourage citizens to fulfill their obligation to communicate knowledge of the commission of crimes to law-enforcement officials. The court concluded that once the informer's identity has been disclosed, the privilege is no longer applicable. Id. at U. S. 60.

In the instant case, the identity of the informer, Lenzi, is not in issue. Therefore, the privilege to withhold the information does not apply.

Plaintiff also relies on Meaney v. Loew's Hotels, Inc. 44 D. & C. 2d 764 (1968). Although it was decided 11 years after Roviaro, the court relied on Vogel in holding that a district attorney could not be compelled to testify concerning a conversation between defendant informer and himself where defendant was sued for defamation as a result of that conversation. In light of Roviaro and its progeny, we find the inflexible approach adopted by Meaney court unpersuasive.

Plaintiff contends that the file in his possession is not relevant here. We must disagree. Plaintiff has raised the issue of the credibility and reliability of the reporter's sources. The subpoenaed file contains information reflecting on Lenzi's possible bias against the plaintiff, and is therefore relevant to WYTV's defense.

Plaintiff maintains that he may be subject to civil or criminal liability for violations of 18 Pa. C.S. §§5701-5704 (now repealed by the Act of October 4, 1978, P.L. 831) or 18 Pa. C.S. §5701 et seq. (1983-1984 Supp.) if the subpoena duces tecum is not

quashed. We fail to see any merit to his contention. Plaintiff stated in his deposition that all witnesses were voluntarily interviewed and consented to recording the interviews. The repealed 18 Pa. C.S. §§5701-5704 applied only to the interception, overhearing, or recording of telephonic or telegraphic messages. The Wiretap and Electronic Surveillance Control Act, the present 18 Pa. C.S. §5701 et seq., was not in effect at the time the recordings were made and no liability could incur as a result.

## II. THE COMMONWEALTH'S MOTION TO QUASH THE SUBPOENA DUCES TECUM

The Bureau of Criminal Investigation of the Attorney General's Office asked Sgt. Lenzi and another officer, Russell McFarland, on the Mercer County Narcotics Squad, to pass on any information they might receive that would be useful to the bureau's investigation into organized crime, drug trafficking and political corruption in the fall of 1980. The files sought by defendant related to information given to the bureau concerning plaintiffs, Francis Petrillo and a Farrell city councilman.

The Commonwealth contends that the information concerning a now-closed investigation is privileged on the basis of public interest or policy. Like the plaintiff, the Commonwealth relies on Meaney, supra, and Vogel, supra. We find this argument unpersuasive for the same reasons discussed above. The Commonwealth tries to distinguish Roviaro, supra, because it focuses on the identity of the informer. While that may be so, as we stated earlier, the so-called "informer's" privilege is one and the same as the "public interest" privilege. Therefore, the same "balancing of interests" test employed by the Roviaco court applies here.

It is not clear from the record whether the names of any or all the informants contained in the subpoenaed file have already been disclosed. If they have, the privilege does not apply. If the informants have not all been identified, we nevertheless refuse to quash the subpoena.

The balance here clearly weighs in favor of disclosure.

The file is relevant to the preparation of a defense. Plaintiff has denied all the allegations made and the file is the only apparent source of information that can confirm Lenzi and McFarland's statements. The investigation has been officially closed. The Commonwealth's interest in an ongoing investigation's confidentiality is much greater than in that of a closed investigation.

The Commonwealth cites various statutes in support of its contention that there is statutory authority requiring the subpoena to be quashed. We find that none of these forbid the disclosure of the investigation file.

The Pennsylvania Right to Know Act, 55 P. S. §66.1(2) exempts from disclosure:

". . . any report, communication or other paper, the publication of which would disclose the institution, progress, or result of an investigation undertaken by an agency in the performance of its duties. . ."

Similarly, the Criminal History Record Information Act, 18 Pa. C.S. §1101 et seq., excludes intelligence and investigative information from the act.

The Commonwealth then cites cases construing and applying these acts. Defendant is not claiming that the information should be disclosed under these acts. Furthermore, the exclusion of a particular type of public record from an act mandating disclosure cannot be construed to mean that the court

may not permit disclosure in its discretion when it finds that the public interest privilege doesn't apply.

The Commonwealth also misconstrues the Wiretapping and Electronic Surveillance Control Act. 18 Pa. C.S. §5701 et seq. The Commonwealth states that because 5717(a) permits disclosure of information obtained under the act in a criminal proceeding, then it follows that the information can only be disclosed in a criminal proceeding. This is both illogical and totally without merit. A statute permitting one thing does not necessarily prohibit everything else.

## ORDER

And now, November 30, 1983, the motions to quash the subpoenas duces tecum filed by plaintiff Caputo and the Commonwealth are denied.